IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Cathy Gaddy, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No.: 3:13-CV-17-PLR-CCS |
| Radio Systems Corporation, | ) |
| *Defendant*. | ) |

## ORDER

The Court held a final pretrial conference with the parties on November 3, 2014. The parties presented arguments on several motions in limine. For the reasons stated on the record, the Court ruled as follows:

- The plaintiff's motions in limine one and two [R. 43] are **Granted in Part and Denied in Part**. The plaintiff's request that the defendant be prohibited from introducing evidence, asking questions about, or referring to Ms. Gaddy's application for and receipt of unemployment compensation benefits is **Granted**. The plaintiff's request that the defendant be prohibited from introducing evidence, asking questions about, or referring to the fact that Ms. Gaddy was awarded Social Security disability benefits, the date covered by the award, etc. is **Denied**, however, the defendants will be prohibited from introducing evidence of or soliciting testimony regarding the *amount* of Ms. Gaddy's social security award.

- The defendant's motion in limine no. 1 [R. 56] to exclude evidence that the defendant caused Ms. Gaddy's disability or inability to work is **Granted**.

- The defendant's motion in limine no. 2 [R. 57] to exclude evidence that the defendant terminated Ms. Gaddy because of her own disability, being regarded as having a disability, or that she requested a reasonable accommodation is **Denied**.

- The defendant's motion in limine no. 3 [R. 58] to exclude the content of the fiancée's text message and the content of the phone call between Ms. Gaddy and the fiancée is **Denied** with respect to the text message. The Court will take the defendant's motion to exclude the content of the phone call under advisement, and reserves ruling until trial.

- The defendant's motion in limine no. 4 [R. 59] to exclude evidence of the defendant's claimed comparators is **Denied**. The defendant will be permitted to identify other comparators in support of its defense.

- The defendant's motion in limine no. 5 [R. 60] to exclude language relating to the defendant's revenue objectives is **Granted**.

- The defendant's motion in limine no. 6 [R. 61] to exclude portions of Dr. Gue's deposition transcript is **Denied**.

- The defendant's motion in limine no. 7 [R. 66] to exclude the introduction of evidence relating to damages, the computation for which has not been previously disclosed, is **Denied**.

- The defendant's motion in limine no. 8 [R. 62] was withdrawn by the defendant.

- The defendant's motion in limine no. 9 [R. 64] to bifurcate the trial is **Granted**. The first phase of the trial will concern liability and compensatory damages. Should it be necessary, a second phase for punitive damages will be conducted.

- The defendant's motion, contained in its trial brief, to prohibit the plaintiff from introducing evidence relating to her FMLA claim [R. 74] is **Denied**.

- The plaintiff's oral motion in limine to prohibit the defendant from introducing evidence of or referring to the Court's opinion on partial summary judgment [R. 69] is taken under advisement. The parties may present arguments on the motion at the commencement of the trial, outside the presence of the jury.

**It is so ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**